BANKERS' UNION OF THE WORLD V. OTTO C. SCHWERIN.

FILED JANUARY 21, 1903.   No. 12,540.

Commissioner's opinion, Department No. 3.

1. Falsus in Uno, Falsus in Omnibus: QUESTION FOR JURY.   The questions whether a witness has in the course of his examination wilfully and intentionally testified falsely, and if so, what effect that fact should have upon the credibility of his other testimony, are, under proper instructions by the court, exclusively for the determination of the jury.

2. Conflicting Evidence.   An inquiry of fact decided by a jury from conflicting evidence will not be examined upon error by this court.

ERROR from the district court for Douglas county. The case is stated in the opinion.   Tried below before BAXTER, J.   Affirmed.

Weaver & Giller, for plaintiff in error.

C. W. De Lamatre, contra.

AMES, C.

This is an action upon a policy or contract of accident insurance.   The insured lost the sight of one eye.   He made the usual proof of loss, in which he said that the cause of the injury was unknown.   Afterwards he brought this action, alleging that his blindness was caused by an accident.   On the trial he testified that the accident happened while he was taking up or digging out some trees on the 26th day of April, 1900, the injury being the result of one of the trees having fallen upon him.   The testimony of a physician was introduced, which tended to show that 'he treated the plaintiff's eye on the 4th day of April, before he became engaged in the occupation mentioned, and there were other circumstances which tended somewhat to discredit the testimony of the plaintiff in this particular. The case was submitted to the jury upon instructions

Syllabus by court; catch-words by editor.

which, if they are in the record, are not complained of in the brief of plaintiff in error, and a verdict was returned for the plaintiff below. This proceeding is prosecuted to reverse a judgment upon the verdict.

It may be true, as the plaintiff in error contends, that from the evidence contained in the record "it is impossible to say what caused this injury," and it certainly is true, as it further says, that "the burden of proof was upon the insured to show that his injury resulted from an accidental cause," but it is not complained that the jury were not properly instructed as to the burden of proof, and the weight and credibility of testimony are within their exclusive province for determination. It every day occurs that the decisive facts in lawsuits can not be proved with certainty, or by positive evidence, or beyond a more or less satisfactory degree of probability. It was to decide upon the decree of probability and to choose the preferable inference that the institution of jury trials was established. Again, the plaintiff in error urges that the right of recovery is almost solely dependent upon the testimony of the insured, that the record convicts him of falsehood, and that, therefore, his testimony should be wholly excluded under the maxim, *Falsus in uno, falsus in omnibus.*[*] The objection is not, however, so conclusive as counsel seem to think. In the first place, the question whether the witness was guilty of an intentional falsehood affecting his credibility was for the jury and not for the court to answer; and in the second place, if he were so guilty, it was for the jury to say in what degree his guilt impaired his credibility. It is undoubtedly true that if the jury were convinced that the witness had in the course of his examination been guilty of a willful falsehood, they were at liberty to reject his entire testimony, but they were not bound so to do; or, in other words, it was not competent for the trial court, nor is it for this court, to strike his entire testimony from the record in considering the question whether the verdict is sustained by suffi-

---

[*] *Stoppert v. Nierle,* 45 Nebr., 105.

cient evidence. It is not complained that the trial judge neglected or refused to give any requested instructions touching the credibility of the witness, and he therefore can not be charged with error in this respect. Counsel point out no specific error in the record, nor do they contend that there was not a conflict of evidence with respect to the cause of the injury. They merely disagree with the jury as to the conclusion to be drawn from the evidence, and as to the weight of the testimony and the credibility of witnesses. It has been decided in a multitude of cases that these are questions with which, in suits at law, this court is incompetent to deal.

It is recommended that the judgment of the district court be affirmed.

DUFFIE and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.